UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Thadius B. Nye

    v.                                                          Civil No. 13-cv-420-LM

Newport Police Department and
Aaron Aldridge

**O R D E R**

Before the court is Thadius B. Nye's response (doc. no. 5) to this court's January 22, 2014, order (doc. no. 4) granting Nye an opportunity to show cause why this action should not be dismissed for failure to state any plausible federal claim. Also before the court is Nye's motion for appointment of counsel (doc. no. 6).

I.    Preliminary Review

The court liberally construes Nye's response (doc. no. 5), as intending to add allegations to the complaint (doc. no. 1), regarding former Newport Police Department ("NPD") Officer Aaron Aldridge's alleged touching of Nye's buttocks and genitals, when Aldridge arrested Nye as a runaway minor. The court applies the standard and the law set forth in the January 22, 2014, order

(doc. no. 4), in determining if the new facts alleged by Nye state any plausible claim for relief.

Nothing alleged in Nye's complaint or the complaint addendum (doc. nos. 1 and 5) states any plausible claim against the NPD, under 42 U.S.C. § 1983, relating to Aldridge's conduct. The court concludes, however, that the new facts alleged by Nye warrant service of Nye's § 1983 claims against Aldridge and Nye's state tort claims against both Aldridge and the NPD (Claims 1 and 2 below),[1] relating to Aldridge's alleged conduct:

> 1. Aldridge violated Nye's (a) Fourth Amendment right to be free from an unreasonable search and seizure, and (b) Fourteenth Amendment right to substantive due process, when Aldridge "fe[lt] up" Nye's buttocks and genitals, for the purpose of Aldridge's sexual gratification, without any legitimate police purpose served by that contact, after Aldridge arrested Nye, when Nye was a runaway minor.
>
> 2. Aldridge and his former employer, the NPD, are liable to Nye under state tort law for Aldridge's assault and battery of Nye, based on the same allegations giving rise to Nye's federal constitutional claims against Aldridge.

---

[1]The potential statute of limitations problem with Nye's claims, and the applicability of the federal and state discovery rules, are best resolved at a later stage of this case. Cf. Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001) ("a section 1983 claim accrues at the moment the plaintiff knows, or has reason to know, of the injury that is the basis for the claim"); cf. also N.H. Rev. Stat. Ann. § 508:4,I (discovery rule); McCollum v. D'Arcy, 138 N.H. 285, 288-89, 638 A.2d 797, 799-800 (1994) (plaintiff could rely on discovery rule to toll statute of limitations for childhood sexual assault claim, based on plaintiff's claim that she had repressed all relevant memories).

II. Service

The clerk's office shall prepare and issue summonses for Aaron Aldridge, New Hampshire State Prison Inmate No. 83395, using the New Hampshire State Prison's address for service, 281 North State Street, Concord, NH, and the clerk's office shall also complete and issue a summons for the NPD, using the Town of Newport's address for service, 15 Sunapee Street, Newport, NH. The clerk's office shall forward to the United States Marshal for the District of New Hampshire ("U.S. Marshal's office"): the summonses; the complaint (doc. no. 1); the complaint addendum (doc. no. 5); the January 22, 2014, order (doc. no. 4); and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve Aldridge, pursuant to Fed. R. Civ. P. 4(c)(3) and 4(e), and the NPD pursuant to Fed. R. Civ. P. 4(j)(2).

III. Appointment of Counsel

This court generally has discretion to deny a motion to appoint counsel in a civil case. Here, Nye has demonstrated a capacity to plead cognizable claims and to state cogent arguments in support of his claims for relief. Nye's indigence,

incarceration, and limited access to a law library do not present the type of exceptional circumstances that would warrant the appointment of counsel for him at this stage of the case. Accordingly, the court denies the motion to appoint counsel (doc. no. 6), without prejudice to refiling if Nye can show that there are exceptional circumstances in his case, such that Nye would be denied fundamental fairness unless counsel is appointed.

## Conclusion

For the foregoing reasons, Claims 1 and 2 above shall be served as directed in this order. The motion to appoint counsel (doc. no. 6) is denied without prejudice to refiling as described in this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 11, 2014

cc: Thadius B. Nye, pro se

LBM:nmd