```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Thadius B. Nye

   v.                                                   Civil No. 13-cv-420-LM
                                                      Opinion No. 2015 DNH 177

Newport Police Department
and Aaron Aldridge


## O R D E R

This case arises from Thadius Nye's allegations that while serving as a Newport police officer, Arron Aldridge arrested him as a runaway minor and while doing so, touched his buttocks and genitals for the purpose of sexual gratification. Against Aldridge, Nye brings a claim through the mechanism of 42 U.S.C. § 1983, and a second claim for assault and battery under state law. Against the Newport Police Department ("NPD"), Nye brings a claim for assault and battery based upon the NPD's vicarious liability for Aldridge's actions. Before the court is the NPD's motion for summary judgment. Nye objects. For the reasons that follow, the NPD's motion is granted.

### I. Summary Judgment Standard

A movant is entitled to summary judgment where he "shows that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmovant.  Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

## II. Background

The NPD hired Aaron Aldridge to work as a police officer in July of 1999.  In September of 2001, Aldridge had an encounter with Nye.  In an order dated February 11, 2014, the court described an addendum to Nye's complaint as alleging that "Aldridge 'fe[lt] up' Nye's buttocks and genitals, for the purpose of Aldridge's sexual gratification, without any legitimate police purpose served by that contact, after Aldridge arrested Nye."  Doc. no. 7, at 2.  At his deposition, Nye described the incident as "this dude groping me."  Def.'s Mot. Summ. J., Belobrow Decl., Attach. A (doc. no. 56-3), at 5 of 11.  He elaborated: "Somebody grabs your junk . . . I'd say that's pretty much sexual assault."  Id. at 9 of 11.  As construed by the court, Nye's claim against the NPD is that under the common law of New Hampshire, Aldridge committed an assault and battery against him for which the NPD is vicariously liable.

## III. Discussion

The NPD argues that it is entitled to summary judgment because the conduct Nye alleges fell outside the scope of

Aldridge's employment, which means that it cannot be vicariously liable for Aldridge's conduct, and because it enjoys statutory immunity from Nye's claim under N.H. Rev. Stat. Ann. ("RSA") §§ 507-B:2 & 507-B:5.[1]  While both of the NPD's arguments cannot be correct simultaneously, one or the other is correct, which entitles the NPD to judgment as a matter of law.

Turning first to immunity, in Huckins v. McSweeney, the plaintiff asserted a battery claim against a police officer "and a claim that the Town [that employed the officer was] liable for that battery under the doctrine of respondeat superior."  166 N.H. 176, 178 (2014).  With regard to the Town's claim that it was entitled to statutory immunity and the plaintiff's argument that a grant of immunity would be unconstitutional, the court ruled:

> In light of our obligation to construe RSA 507–B:2 and RSA 507–B:5 so that they comply with the State Constitution, see State Employees' Assoc. of N.H., 161 N.H. at 735, we conclude that they provide immunity to municipalities for any intentional tort committed by a municipal employee under the same terms and conditions as RSA 541–B:19 provides sovereign immunity to the State for any intentional tort committed by a State employee.

---

[1] The NPD also argued that it was entitled to dismissal of Nye's claim because had not disclosed an expert on repressed memories.  Nye has since disclosed such an expert, and the NPD has withdrawn its argument on this point.

Huckins, 166 N.H. at 182 (parallel citation omitted).  RSA 541-B:19, in turn, provides the State with immunity from claims for intentional torts, including assault and battery,

> provided that the employee whose conduct gives rise to the claim reasonably believes, at the time of the acts or omissions complained of, that his conduct was lawful, and provided further that the acts complained of were within the scope of official duties of the employee for the state.

RSA 541-B:19, I(d).  So, if Aldridge reasonably believed that his conduct during his encounter with Nye was lawful, and his actions toward Nye were within the scope of his official duties, then the NPD is immune from liability for Nye's claims.

If, on the other hand, Aldridge's actions fell outside the scope of his official duties, the NPD would not have immunity, but would also not be liable under the doctrine of respondeat superior.  "Under the doctrine of respondeat superior, 'an employer may be held vicariously liable for the tortious acts of its employees if the employee was acting within the scope of his or her employment when his or her tortious act injured the plaintiff.'"  Tessier v. Rockefeller, 162 N.H. 324, 342 (2011) (quoting Pierson v. Hubbard, 147 N.H. 760, 766 (2002)).

The bottom line is this.  During the incident about which Nye complains, Aldridge was, or was not, acting within the scope of his employment.  If he was, then the NPD is immune from liability.  If he was not, then the NPD has no liability in the

4

first instance.  Either way, the NPD is entitled to judgment as a matter of law.

### IV. Conclusion

For the reasons detailed above, the NPD's motion for summary judgment, document no. 77, is granted.  Accordingly, this case now consists exclusively of Nye's claims against Aldridge.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 15, 2015

cc:   Corey M. Belobrow, Esq.
      Michael J. Iacopino, Esq.
      Garry R. Lane, Esq.
      Jaye Rancourt, Esq.